**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____
                                    :
DANIEL GATSON,                      :
                                    :   Civil Action No. 08-6348 (PGS)
            Plaintiff,              :
                                    :
      v.                            :   **O P I N I O N**
                                    :
FEDERAL BUREAU OF                   :
INVESTIGATION, et al.,              :
                                    :
            Defendants.             :
_____:

**APPEARANCES:**

Daniel Gatson, Pro Se
# PN438674/75039
Northern State Prison
P.O. Box 2300
Newark, NJ 07114

Susan Handler-Menahem
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Attorney for Defendants

**SHERIDAN, District Judge**

   This matter comes before the Court upon Defendants' motion to dismiss and for summary judgment, see Docket Entry No. 30. For the reasons set forth below, Defendants' motion will be granted.[1]

---

   [1] As noted by Defendants, the only proper defendant in this case is the U.S. Department of Justice, named by Plaintiff. All other defendants will be dismissed.

**I.     Legal Standard**

    **1.    Rule 12(b)(6) Standard**

The Court must review the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal of a claim for failure to state a claim upon which relief may be granted.  Federal Rule of Civil Procedure 8(a) requires that to state a claim for relief, a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  When evaluating the sufficiency of claims subject to the pleading requirements of Rule 8(a), the Court must apply the plausibility standard articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009).  In Twombly and Iqbal, the Supreme Court stressed that a complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).

The cases are also clear about what will not suffice: "threadbare recitals of the elements of a cause of action," an "unadorned, the-defendant-unlawfully-harmed-me accusation" and

conclusory statements "devoid of factual enhancement." Id. at 1949–50; Twombly, 550 U.S. at 555–57. While the complaint need not demonstrate that a defendant is probably liable for the wrongdoing, allegations that give rise to the mere possibility of unlawful conduct will not do. See Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 557. The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (relying on Twombly to hold that to survive a motion to dismiss a Complaint must assert "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element").

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the allegations of the complaint, documents attached or specifically referenced in the complaint if the claims are based upon those documents and matters of public record. See Winer Family Trust v. Queen, 503 F.3d 319, 327 (3d Cir. 2007); Sentinel Trust Co. v. Universal Bonding Ins. Co., 316 F.3d 213, 216 (3d Cir. 2003).

### 2. **Summary Judgment Standard**

Summary judgment is appropriate under Fed. R. Civ. P. 56 if, on the record, "there is no genuine issue as to any material fact

and ... the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Carrasca v. Pomeroy, 313 F.3d 828, 832-33 (3d Cir. 2002). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In deciding whether summary judgment should be granted, the Court considers the facts drawn from the "pleadings, the discovery and disclosure materials on file, and any affidavits" and must "view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." Fed. R. Civ. P. 56(c); Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002) (internal quotations omitted).

However, while the Court shall "view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor," Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007) (citation omitted), summary judgment will not be denied based on mere allegations or denials in the pleadings; instead, some evidence must be produced to support a material fact, and this requires more than the "mere existence of a scintilla of evidence" supporting the non-moving party." Anderson, 477 U.S. at 252; see also Fed. R. Civ. P. 56(c)(1)(A); United States v. Premises Known as 717 S. Woodward Street, Allentown, Pa., 2 F.3d 529, 533 (3d Cir. 1993). Thus, to survive

4

a motion for summary judgment, there must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249.

## II. Background

### 1. Procedural Background

Plaintiff submitted his complaint on December 24, 2008. See Docket Entry No. 1. On December 15, 2009, this Court ordered the case dismissed pursuant to Rule 41.1. See Docket Entry No. 11. Plaintiff moved to reopen the case, and on June 15, 2010, the case was ordered reopened. See Docket Entry No. 13. Summonses were issued, and defendants answered the complaint on November 8, 2010. See Docket Entry No. 17. Status and telephone conferences were held, and on June 15, 2011, Defendants filed this motion to dismiss or for summary judgment. See Docket Entry No. 30.

Plaintiff filed his opposition to Defendant's motion on July 26, 2011. See Docket Entry No. 32. Defendants filed a second brief in support of their motion on August 12, 2011, see Docket Entry No. 46, and on October 26, 2011, filed a reply to Plaintiff's opposition, see Docket Entry No. 34.

### 2. Factual Background

Plaintiff's complaint asserts a claim under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and the Administrative Procedures Act (APA), 5 U.S.C. § 701, et seq. Plaintiff's complaint states that sometime before January 2007, he sent a FOIA request to the Federal Bureau of Investigation (FBI), for

5

"the release of any and all FBI record, memos, reports concerning any an dall types of Investigations related to the Plaintiff Daniel Gatson, conducted by the FBI, Somerset County Prosecutor's Office, and the Bergen County Prosecutor's Office." (Complt., ¶ 9).

On July 26, 2007, Plaintiff states that he received a letter from the FBI stating that they found 595 pages potentially responsive to Plaintiff's request. (Complt., ¶ 12). On September 7, 2007, Plaintiff alleges that he received a letter from the FBI informing him that exemptions applied to his request, and 147 pages were going to be released. (Complt., ¶ 13). Plaintiff appealed the exemptions, and on October 15, 2007, his case was remanded "for further processing of the records responsive to Plaintiff's request." (Complt., ¶ 15).

On June 24, 2008, Plaintiff received a letter informing him that an attorney reviewed his case, and certain material continued to be exempt from disclosure. On August 27, 2008, he received a letter informing him that his case had been affirmed, on partly modified grounds, and that certain records were still exempt under the Privacy Act and FOIA exemptions. (Complt., ¶¶ 17-19). Plaintiff states that he requested expedited processing of his FOIA request, which was denied. (Complt., ¶ 22).

Plaintiff asks this Court to order defendants to immediately process he request, to disclose records in their entirety, and

6

award him costs and reasonable fees.  (Complt., Prayer for Relief).

### III.   Discussion

#### 1.   Defendants' Motion to Dismiss, or for Summary Judgment

Defendants' Motion to Dismiss or for Summary Judgment (docket entry 30) asserts that the FBI is entitled to summary judgment because they properly responded to the Privacy Act request and FOIA request; did not request expeditious treatment of his requests; and that the Court lacks jurisdiction because the FBI has since replied to Plaintiff's requests.  See Docket Entry Nos. 30, 33.

Defendants attach to their motion the Declaration of David M. Hardy ("Hardy Decl."), the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD") of the FBI.  According to the Hardy Declaration, records responsive to Plaintiff's request were compiled as a result of the FBI's fulfillment of its law enforcement duties, specifically a criminal investigation related to an interstate burglary ring.  (Hardy Decl., ¶ 45).  Hardy states that the documents were exempt from disclosure pursuant to 5 U.S.C. § 552a(j)(2) under the Privacy Act; however they were processed "under the access provisions of the FOIA to achieve maximum disclosure."  (Id.).

Defendants argue that each exemption was supported by FOIA. Defendants include in the Hardy Declaration each page of the

release. Exemptions asserted by the FBI as grounds for non-disclosure of portions of documents are FOIA exemptions (b)(2), (b)(3), (b)(6), and (b)(7)(C), (D), and (E). (Hardy Decl., Exhibits T and U). Defendants set forth each exemption and each document and relay why it was properly exempt.

Defendants also submit that Plaintiff never made a request for expeditious treatment, and that the issue is now moot, since Defendants have responded to the request. Defendants point out that this Court does not have jurisdiction to review any denial of expeditious processing under 5 U.S.C. § 552(a)(6)(E)(iv).

### 2. FOIA Overview

The Court's handling of FOIA cases was explained by Judge Hochberg in Arizechi v. IRS, 2008 WL 539058 (D.N.J. 2008)(unpubl.). Judge Hochberg noted:

> Congress enacted FOIA "to facilitate public access to Government documents." U.S. Dep't of State v. Ray, 502 U.S. 164, 112 (1991). Undoubtedly, FOIA "reflects a general philosophy of full agency disclosure to ensure an informed citenzenry, vital to the functioning of a democratic society." NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 242 (1978). To this end, FOIA requires governmental agencies to make promptly available any records requested so long as the request "reasonably describes such records." Landano v. U.S. Dep't of Justice, 956 F.2d 422, 425 (3d Cir. 1992). Nonetheless, there are specific exemptions from disclosure set forth in FOIA itself. Because legitimate governmental and private interests could be harmed by release of certain types of information, Congress sought to reach a workable balance between the right of the public to know and the need of the Government to keep information in confidence to the extent necessary without permitting indiscriminate secrecy. See John Doe Agency v. John Doe Corp., 493 U.S. 146, 152 (1989). As a result, the FOIA statute

>has expressly provided exemptions upon which an agency may rely upon to withhold sensitive information.

Arizechi, 2008 WL 539058 at * 3. As to the standard of review for FOIA challenges, Judge Hochberg explained:

>This Court must decide whether defendants have met their burden to justify withholding documents. The FOIA requires a court to conduct a *de novo* review of an agency's decision to withhold records from a requesting party. See 5 U.S.C. § 552(a)(4)(B). Where responsive records or parts of records are withheld, the agency bears the burden to justify its withholdings. See Manna v. U.S. Dep't of Justice, 51 F.3d 1158 (3d Cir. 1995). To meet this burden, the agency may submit affidavits which provide a reasonably detailed analysis of the requested documents and the reasons for invoking a particular exemption. See id. at 1163.
>
>To prevail in a FOIA suit, the defendant agency must prove that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." Miller v. U.S. Dep't of State, 779 F.2d 1378, 1382 (8th Cir. 1985). In conducting its review, however, the court must at all times be aware of the FOIA's segregation requirement which mandates that "any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." 5 U.S.C. § 552(b). Therefore, before the court permits an agency to withhold an entire document, the court must determine whether non-exempt information may be excised from the document and released to the requesting party. Krikorian v. U.S. Dep't of State, 984, F.2d 461, 467 (D.C. Cir. 1993).
>
>A court's review of FOIA cases is difficult because the party seeking disclosure does not know the contents of the information sought and thus cannot contradict the government's description of the information. Ferri v. Bell, 645 F.2d 1213, 1222 (3d Cir. 1981). As a result, courts require an agency to prepare a Vaughn index, identifying each document withheld, the statutory exemption claimed, and a

particularized description of how each document withheld falls within a statutory exemption. Coastal States Gas Corp. v. U.S. Dep't of Energy, 644 F.2d 969, 984 (3d Cir. 1981).

The function of a Vaughn index and public affidavit is to establish a detailed factual basis for application of the claimed FOIA exemptions to each of the documents withheld.  Thus, when an agency seeks to withhold information, it must provide "a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply." McDonnell v. United States, 4 F.3d 1227, 1241 (3d Cir. 1993).  While there is no set formula for a Vaughn index, the hallmark test is "that the requester and the trial judge be able to derive from the index a clear explanation of why each document or portion of a document withheld is putatively exempt from disclosure."  Hinton v. U.S. Dep't of Justice, 844 F.2d 126, 129 (3d Cir. 1988).

In meeting its burden of proof, the government may not rely upon "conclusory and generalized allegations of exemptions." Vaughn v. Rosen, 484 F.2d 820, 826 (D.C. Cir. 1973).  On the other hand, the government need not specify its objections in such detail as to compromise the secrecy of the information. See id. Therefore, if the agency supplies a reasonably detailed affidavit describing the document and facts sufficient to establish an exemption, then the district court need look no further in determining whether an exemption applies. Church of Scientology v. U.S. Dep't of Army, 611 F.2d 738 (9th Cir. 1979).  The trial judge may rely on the affidavits to determine whether an agency has met its burden of proof. Davis v. CIA, 711 F.2d 858, 860 (8th Cir. 1983).  The declaration submitted is to be accorded a presumption of good faith. Safeguard Services, Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1983).

An agency is entitled to summary judgment if its affidavits describe the withheld information and the justification for withholding with reasonable specificity, demonstrating a logical connection between the information and the claimed exemption, and are not controverted by either contrary evidence in the record

> nor by evidence of agency bad faith. American Friends Serv. Comm. v. U.S. Dep't of Defense, 831 F.2d 441, 444 (3d Cir. 1987).

Id. at ** 3-4.

### 4. Analysis

Here, Defendants' declaration is reasonably detailed and describes the documents and facts sufficient to establish the claimed exemptions. See, generally, Hardy Decl. As to Plaintiff's request, Defendants processed 1213 pages, released 580 pages, including 127 pages released in full, and 453 pages released in part pursuant to FOIA exemptions. (Hardy Decl., at ¶ 45). Defendants have included the documents as exhibits to the Hardy Declaration. This Court will not reproduce the entirety of the documents and arguments, but refers to the record and Hardy Declaration to demonstrate that Defendants' search and release of records was proper. See Docket Entry No. 30.

This Court has reviewed the documents and finds that Defendants have shown that their search was adequate, and that any withheld documents fall within an exemption of FOIA. See Carney v. Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994). Defendants' justification for invoking the exemptions appears logical and plausible. A district court lacks jurisdiction to force an agency to release withheld records unless the agency improperly withheld agency records. See Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150 (1980). Here,

Plaintiff has not shown that the agency records were withheld improperly.

The records withheld as internal agency rules and practices (exemptions under 5 U.S.C § 552(b)(2), and (b)(7)(E)), were invoked to protect confidential source file numbers and investigative techniques, internal phone and fax numbers, records that relate to employee relations and human resources. (Hardy Decl, at ¶¶ 49-50).

The records withheld as specifically exempted by statutes (exemptions under 5 U.S.C. § 552(b)(3)), were invoked under Federal Rule of Criminal Procedure 6(3) as identifying information of individuals on the grand jury, such as company names and employees served with a federal grand jury subpoena. This Court finds the information was properly withheld under Exemption (b)(3)-1.

The records withheld as compiled for law enforcement purposes (exemptions under 5 U.S.C. § 552(b)(7)), included investigative documents that revealed the identity of confidential sources and investigative techniques, and third party private citizens, and were properly withheld. Documents withheld as personal and medical information, (exemptions under 5 U.S.C. § 552(b)(6), asserted in conjunction with § 552(b)(7)(C)), names and identifying information of FBI Special Agents and FBI

support personnel and third parties mentioned and third-party victims, were properly withheld.

In response to Plaintiff's opposition to the motion, Hardy submitted a second declaration. See Docket Entry No. 33. In that second declaration, Hardy responds to Plaintiff's questions about specifics concerning certain searches that were not completed. To the Court's satisfaction, Defendants explain that they have undertaken a reasonable and thorough approach to searching. See, generally, Second Hardy Decl. Docket Entry No. 33.

Additionally, this Court finds no evidence in the record that Plaintiff requested expedited treatment of his FOIA request, and agrees with Defendants that this issue is now moot, as Plaintiff has received the response to his request. See 5 U.S.C. § 552(a)(6)(E)(iv).

## IV.  Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss and for Summary Judgment is granted. An appropriate Order follows.

*s/Peter G. Sheridan*
PETER G. SHERIDAN
United States District Judge

Dated: March 27, 2012

13